UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BATTERY SOLUTIONS, LLC and
P4C GLOBAL, LLC,

        Plaintiffs,

v.                                 No.
                                      Hon.

PULSE SUPPLY CHAIN SOLUTIONS,
INC., ANWER JADHAVJI, and ASIF
JADHAVJI,

        Defendants.

_____/

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendants Pulse Supply Chain Solutions, Inc., Anwer Jadhavji, and Asif Jadhavji ("Defendants") hereby remove this action, with full reservation of all rights, remedies, claims, and defenses, to the United States District Court for the Eastern District of Michigan.  In support of this Notice of Removal, Defendants state as follows:

1.      On March 20, 2019, Plaintiffs Battery Solutions, LLC and P4C Global, LLC ("Plaintiffs") commenced this action against Defendants in the Circuit Court for the County of Livingston, Case No. 19-30259-CB, styled *Battery Solutions, LLC, et. al. v. Pulse Supply Chain Solutions, Inc., et. al.* (the "State Court Action"), by filing a Complaint.  **Exhibit A**, Plaintiffs' State Court Action filings.

2.      Defendants first received notice of the State Court Action on April 10, 2019, when they were served with the Summons and Complaint.

3.      This case is properly removed to this Court pursuant to 28 U.S.C. § 1441.  This removal is timely, the procedural requirements for removal are satisfied.

4.      Defendants are entitled to move the State Court Action to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because complete diversity of citizenship exists between Plaintiffs and Defendants, and the amount in controversy is alleged to exceed $75,000.00, exclusive of costs and interest.

5.      Plaintiffs allege that the amount in controversy in this case exceeds $134,386.14, exclusive of costs and interest.  **Ex. A**, ¶ 29.

6.      Defendant Pulse Supply Chain Solutions, Inc., a Texas corporation, maintains a principal place of business in the State of Texas.

7.      Defendant Anwer Jadhavji, an individual, is a resident of the State of Texas.

8.      Defendant Asif Jadhavji, an individual, is a resident of the State of Texas.

9.      Plaintiff Battery Solutions, LLC, a Delaware limited liability company, maintains a corporate office in Oakland County, Michigan.  **Ex. A**, ¶ 6.

10.     Plaintiff P4C Global, LLC, a Delaware limited liability company, maintains its corporate offices in the State of California.  **Ex. A**, ¶ 7.

11.     Pursuant to 28 U.S.C. §§ 1446(a), Defendants give Notice of Removal of this case to the United States District Court for the Eastern District of Michigan.

12.     This Notice has been filed within 30 days after receipt by Defendants of a copy of Plaintiffs' initial pleading and is timely pursuant to 28 U.S.C. § 1446(b)(1).

13.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached hereto and incorporated herein.  *See* **Ex. A.**

14.     Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice to Plaintiffs and the Clerk of the Circuit Court for the County of Livingston. A true and accurate copy of the Notice to the Clerk is attached hereto and incorporated herein as **Exhibit B**.

15.     Defendants are removing this case with the sole intent of filing a motion challenging the jurisdiction of this Court, as well as the venue of this action. Defendants' appearance through counsel and removal of this action should not be deemed a waiver of their valid objection to this lawsuit proceeding in Michigan.

WHEREFORE, for the reasons fully set forth herein, the case now pending in the Livingston County Circuit Court, Case No. 19-30259-CB, is hereby removed to the United States District Court for the Eastern District of Michigan.

Dated:  May 1, 2019              Respectfully Submitted,

*/s/  Michelle D. Champane*
        H. William Burdett, Jr. (P63185)
        Michelle D. Champane (P80917)
HOWARD & HOWARD ATTORNEYS PLLC
Counsel for Defendants
450 West Fourth Street
Royal Oak, Michigan 48067
(248) 723-0467
Bb2@h2law.com | Mdc@h2law.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 1, 2019, she caused to be served a copy of this Notice of Removal and this Certificate of Service, via U.S. mail and e-mail upon:

Ian S. Bolton (P68872)
**Ian Bolton Law, PLLC**
*Attorney for Plaintiffs*
24361 Greenfield Rd., Suite 201
Southfield, MI 48075
248-595-0001
ianboltonlaw@gmail.com

/s/    *Michelle D. Champane*
Michelle D. Champane (P80917)
4852-4175-7845, v. 3

5

# EXHIBIT A

TRUE COPY

44TH Circuit Court

County Clerk's Office

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

BATTERY SOLUTIONS, LLC, a Delaware
limited liability company and P4C GLOBAL,
LLC, a Delaware limited liability company,

        Plaintiffs,

v

PULSE SUPPLY CHAIN SOLUTIONS, INC., a
Texas corporation, ANWER JADHAVJI, an individual,
and ASIF JADHAVI, an individual,

        Defendants.

Case No. 19-30259 -CB
Hon.

JUDGE READER
P-27877

IAN BOLTON LAW, PLLC
Ian S. Bolton (P68872)
24361 Greenfield Rd., Suite 201
Southfield, MI 48075
(248) 595-0001
ianboltonlaw@gmail.com
*Attorneys for Plaintiffs*

There is no other pending or resolved civil action
arising out of the same transaction or occurrence as
alleged in the Complaint.

## COMPLAINT

Plaintiffs BATTERY SOLUTIONS, LLC and P4C GLOBAL, LLC, for their Complaint,

state as follows:

## INTRODUCTION

1.    This is a relatively straightforward breach of contract and fraud case, where Pulse

Supply Chain Solutions, Inc. ("Pulse") and the individual defendants took advantage of

Plaintiffs' good faith business dealings by knowingly and/or recklessly selling Plaintiffs

fraudulent Apple merchandise.

2.      Making matters worse, Defendants also refused to refund Plaintiffs' money, even though Plaintiffs graciously offered to return the merchandise and pay a 10% restocking fee.

3.      It now appears that the months of negotiations to resolve this dispute were a delay tactic so Pulse could continue defrauding its customers.

4.      Pulse has continuously lied and represented that its products are official Apple merchandise, but the lies have finally caught up to Pulse as Apple is now pursuing Pulse for their unlawful sales.

5.      Assuredly, Plaintiffs are just a small portion of the injured parties and Pulse is likely to close its doors in a short time so the individuals that were involved with this scheme can try and hide behind the corporate shell.

## JURISDICTIONAL ALLEGATIONS

6.      Battery Solutions, LLC ("Battery Solutions") is a Delaware limited liability company, with its corporate offices in Oakland County.

7.      P4C Global, LLC ("P4C" and with Battery Solutions, "BSL/P4C") is a Delaware limited liability company, with its corporate offices in Los Angeles, California.

8.      Upon information and belief, Pulse is a Texas corporation with its principle place of business in Texas, and does business in Oakland County, including, but not limited to, entering into the subject contract.

9.      Upon information and belief, ANWER JADHAVJI is an individual that resides in Texas, and does business in Oakland County, including, but not limited to, engaging in business with Battery Solutions.

10.     Upon information and belief, ASIF JADHAVI (collectively with ANWER JADHAVJI, the "Individual Defendants" and collectively with Pulse, "Defendants") is an

individual that resides in Texas, and does business in Oakland County, including, but not limited to, engaging in business with Battery Solutions.

11.    Jurisdiction is proper in this Court pursuant MCL 600.605.

12.    Venue is also proper in this Court pursuant to MCL 600.1621(a).

## GENERAL ALLEGATIONS

13.    Battery Solutions serves environmentally conscious corporations, governments, municipalities, and households across the country with its recycling and processing services.

14.    Battery Solutions' affiliate, P4C Global, LLC, is one of the largest OEM cell phone battery and accessory resellers in the world.

15.    In or around September 2018, P4C Global ordered 12380 "Apple OEM MD810, MD 818 Pair" products (the "Apple Items") from Pulse for a purchase price of $102,135.00. A copy of the Invoice is attached as **Exhibit A**.

16.    The representatives of Pulse made explicit and implicit representations that the items P4C ordered were authentic Apple products.

17.    Around the same time, in or around September 2018, P4C Global ordered additional products (the "Batteries") from Pulse for a purchase price of $25,775.20. A copy of the October 2018 Invoice is attached as **Exhibit B**.

18.    Almost immediately upon receipt of the Apple Items, P4C Global did an analysis and determined that the items were not authentic.

19.    P4C Global immediately contacted Pulse, first directly and then through counsel to try and return the Apple Items and cancel the still in process Batteries order.

20.    P4C Global then spent many months trying to work with Pulse to simply get a refund for all of the items, at one point even offering to pay a 10% restocking fee.

21.     Pulse refused and ultimately P4C Global brought the counterfeit Apple Items to Apple's attention.

22.     Apple did its own investigation and, as a result, on or about February 27, 2019, Apple sent Pulse a demand letter regarding Pulse' distribution and selling of counterfeit Apple products. A copy of the Apple Letter is attached as **Exhibit C**.

23.     The Apple Letter confirms that Pulse and the Individual Defendants are engaged in the business of defrauding their customers, at least as it pertains to P4C Global and Battery Solutions.

24.     As a result of Pulse and the Individual Defendants' actions, P4C Global and Battery Solutions, a company with its roots in Michigan, are now out more than $127,910.20, plus interest, costs and attorneys' fees.

## COUNT I – BREACH OF CONTRACT

25.     Plaintiffs incorporate all of the previous allegations as though fully set forth herein.

26.     Each of the Invoices constitutes a binding contract between Plaintiffs and Defendants, jointly and severally.

27.     Plaintiffs fully, professionally and competently performed by remitting payment pursuant to the Invoices.

28.     Defendants breached by failing to deliver genuine Apple and other products to Plaintiffs.

29.     As a direct and proximate result of Defendants' refusal to honor the contracts, Plaintiff has suffered damages in the amount of $134,386.14, plus interest, costs and attorneys' fees.

30.     The total amount due to Plaintiff under the Contract is $127,910.20, plus interest, costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants, jointly and severally, in the amount of $127,910.20, plus interest, costs and attorneys' fees.

## COUNT II - UNJUST ENRICHMENT

31.     Plaintiffs incorporate all of the previous allegations as though fully set forth herein.

32.     Plaintiffs incurred costs by paying for the Apple Items and Batteries and not receiving what they were promised.

33.     Defendants received a benefit from Plaintiffs' payments.

34.     Defendants received, accepted and retained the benefit of the payments and Plaintiffs suffered a detriment.

35.     It would be unjust and inequitable for Defendants to be allowed to retain the benefit they have received without having to reimburse Plaintiffs in the amount Defendants have been unjustly enriched.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants, jointly and severally, in the amount of $127,910.20, plus interest, costs and attorneys' fees.

## COUNT III – PROMISSORY ESTOPPEL

36.     Plaintiffs incorporate all of the previous allegations as though fully set forth herein

37.     Defendants made a definite and clear promise to deliver to Plaintiffs genuine Apple Items and the Batteries.

38.     On information and belief, Defendants reasonably expected that their promises would induce Plaintiffs to pay for the Apple Items and Batteries.

39.     Plaintiffs detrimentally relied on Defendants' promises by making the payments outlined herein.

40.     Injustice can only be avoided if this Court compels Defendants to reimburse Plaintiffs in the amount of $127,910.20, plus interest, costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants, jointly and severally, in the amount of $127,910.20, plus interest, costs and attorneys' fees.

## COUNT IV – FRAUD

41.     Plaintiffs incorporate all of the previous allegations as though fully set forth herein

42.     Defendants represented to Plaintiffs that the Apple Items were genuine Apple products.

43.     These statements were false when they were made.

44.     Defendants knew or should have known that these statements were false when they were made.

45.     Defendants made these statements with the intent that P4C Global and Battery Solutions would rely on the statements.

46.     Plaintiffs relied on these statements by paying the amounts charged in advance of receiving the Apple Items and Batteries.

47.     Plaintiffs' reliance was justifiable and reasonable, because Plaintiff had no reason to believe Pulse's entire business model is selling counterfeit products and then refusing to issue refunds when caught.

48.     Plaintiffs were damaged by relying of the false representations of Defendants in the amount of $127,910.20, plus interest, costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants, jointly and severally, in the amount of $127,910.20, plus interest, costs and attorneys' fees.

IAN BOLTON LAW, PLLC

Ian S. Bolton (P68872)
24361 Greenfield Rd., Ste 201
Southfield, MI 48075
(312) 404-8410
ianboltonlaw@gmail.com
*Attorneys for Plaintiffs*

Dated: March 20, 2019

TRUE COPY

44TH Circuit Court

STATE OF MICHIGAN

County Clerk's Office

IN THE 44TH CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

*MARCH, 2019,* CIVIL SCHEDULING & TRIAL ORDER

JUDGE DAVID J. READER

2019 MAR 25   PM 4:45   FILED   LIVINGSTON COUNTY CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Battery Solutions**

Plaintiff,

v

Case No. __19-30259__

**Pulse Supply Chain Solutions**

Defendant.

PLEASE TAKE NOTICE OF THE FOLLOWING REQUIREMENTS OF THE COURT:

Attorneys and parties SHALL ATTEND ALL SCHEDULED COURT DATES.

Status Conference: __July 17__, 2019 @ __10:00 AM__

Discovery Terminates: __November 1, 2019__

Case Evaluation: __November 27, 2019__
*Note: The time for case evaluation will be set by the ADR clerk. You will receive a separate notice from the ADR clerk with exact time of scheduled case evaluation. The parties may stipulate to a "Special Panel" MCR 2.404 C(3) by Order submitted to the Court prior to the close of discovery.*

Final Pretrial: __Friday, January 24, 2020 @ 8:30 AM__

Bench/Jury Trial: __Monday, January 27, 2020 @ 8:30 AM__

*You will receive no other notices of scheduled dates.*

PLAINTIFF/THIRD PARTY PLAINTIFF SHALL SERVE A COPY OF THIS ORDER upon each Defendant/Third Party Defendant in the case in the same manner as, and at the same time as, the service of the Summons and Complaint/Third Party Complaint. Proof of Service shall be filed with the Clerk of the Court. All persons receiving this notice shall immediately notify all other parties that they have received a copy of this order.

Rev 2019-02

Civil Scheduling & Trial Order | Page 1 of 3

**ATTORNEYS AND/OR PRO PER PARTIES SHALL ATTEND ALL DATES** scheduled by this Court. Furthermore, all parties and the trial attorneys must attend the final pretrial and trial unless they are excused by the Court in advance. The attorney attending the final pretrial must be the trial attorney unless the Court has excused the trial attorney's absence in advance. Additionally, representatives of insurance carriers involved in the case shall attend the final pretrial and trial. The insurance company representative attending the final pretrial must have authority to settle the case. FAILURE TO APPEAR AT ANY COURT SCHEDULED DATE MAY RESULT IN SANCTIONS ALLOWED UNDER THE COURT RULES, INCLUDING DEFAULT OR DISMISSAL.

**STATUS CONFERENCE:** THE FOLLOWING DOCUMENTS ARE DUE NO LATER THAN THE SCHEDULED STATUS CONFERENCE. Only attorneys and parties proceeding in pro per are required to attend the status conference. The forms referenced below may be obtained from the county website at: **https://www.livgov.com/courts/circuit/clerk/Pages/forms.aspx**. For those without internet access, the forms may also be obtained by calling the Court at (517) 548-1120.

- Order for Mediation: Mediation under MCR 2.411 is ordered for all civil cases. The parties shall confer prior to the status conference as to the selection of a mediator. In absence of agreement, a mediator will be selected by the Court pursuant to MCR 2.411(B)(3). Mediation must be completed prior to case evaluation. Failure to complete mediation may result in sanctions allowed under the court rules.
- **Witness List, Exhibit List and Pretrial Statement:** on forms similar to those provided on the county website. (Original and Judge's Copy shall be provided.)
- **Stipulation that no other parties are to be added.**
- Attendance may be waived if **ALL of the above documents** are filed by **ALL parties** with the Clerk of the Court **10 days prior to the scheduled status conference date**. It is the party's responsibility to confer with the Court to ensure attendance requirement has been waived.

**EXHIBITS:** All exhibits for all pleadings (including motions and briefs) shall be separately tabbed with side extensions. Trial exhibit rules shall apply to all pleading exhibits (see below).

**MOTIONS:** All motions shall be scheduled for a regular motion day. An original and Judge's Copy are required for all motions. All motions, including motions in limine, shall be filed and argued no later than 30 days before the scheduled trial date, unless for good cause shown to the satisfaction of the Court.

**Praecipes** are required to file a motion before the Court. Appropriate forms are available at the county website. Please read the Praecipe carefully for instructions and follow the appropriate Court Rules for filing motions.

**Adjournment** of all matters shall comply with MCR 2.503. Motions for adjournment must be requested through the Judge's office with opposing party knowledge. Only the moving party shall request the adjournment. A re-notice of hearing and a **re-praecipe** are required for motions.

Motions to **add parties** must be filed and argued no later than 180 days after service of this order; delay of trial will be a factor when considering if such a motion should be granted.

**All dispositive motions** must be filed and argued before case evaluation. Each motion, brief, and any response to such motion shall be submitted in Word and/or WordPerfect format ONLY and emailed to JudgeReaderMotions@livgov.com at the same time that the original and Judge's Copy are submitted to the Clerk of the Court. Exhibits for summary disposition motions must be included in digital submissions. Exhibits should be in .pdf or .jpg format. Electronic submission of a proposed judgment supported by findings of fact in the party's favor is required with each summary disposition motion and/or response.

**TRIAL EXHIBITS:** Each party shall exchange all proposed exhibits with all other parties no later than 10 days before trial. Each party shall provide a bench copy of all proposed exhibits with index to the Judge's Chambers on the Monday before the final pretrial. The parties shall confer on the admissibility of each exhibit before the final pretrial. Each exhibit must be marked at the final pretrial. If an exhibit contains multiple pages, each individual page must be identified and marked (e.g. Exhibit A, page 1-1 or Exhibit 1, page 201-500). An index on a form similar to

that contained on the above website, together with an **indexed final bench copy of the exhibits** shall be left with the Judge's Chambers at the time of the final pretrial conference. If an exhibit cannot be conveniently copied, it should still be included on the index. **Plaintiff's exhibits are to be identified with numbers and Defendant's exhibits with letters.** Disputed exhibits shall be ruled upon at final pretrial. No further exhibits shall be admitted at trial, except for good cause shown. Each party's exhibit package shall include an original (for witness), a bench copy (for Judge), a copy for opposing party(ies), and a copy for *each* juror. Exhibit rules above shall apply to all trial exhibits.

**VOIR DIRE** requests shall be submitted in writing and by Word or WordPerfect format before the close of the final pretrial conference. The Court will conduct the jury voir dire.

**PROPOSED JURY INSTRUCTIONS:** Preliminary and final jury instructions and a proposed verdict form shall be submitted to the Judge's Chambers no later than the day before the final pretrial in hard copy and in Word or WordPerfect format ONLY (.pdf format is not acceptable). Preliminary instructions shall begin with Chapter 2 standard instructions. An original, bench copy, and copy for each juror shall be provided. The Court allows the taking of notes, but not questions by jurors.

Instructions shall be full text, double spaced, one sided, one instruction per page, with no firm names or case caption. Each instruction shall be complete for the specific case and ready for presentation to the jury in compliance with MCR 2.512(A), MCR2.513(A), and MCR 2.513(N)(3). Attorneys **shall** confer 10 days before trial in an attempt to agree on one set of standard instructions. Disputed instructions shall be noted as such. Additional instructions may be submitted if factual development requires the same.

**IN NON-JURY CASES:** The parties shall submit to the Judge's Chambers the day before the final pretrial the following, in both hard copy and in Word or WordPerfect format ONLY: 1) proposed **statement of facts** to be used by the Court in deciding factual disputes, with reference to the witness from whom the testimony will come; 2) a proposed **final order**.

**COURTROOM TECHNOLOGY:** All courtroom technology to be used for trial, including party-supplied technology, shall be field tested in the courtroom no later than the date of the final pretrial. Arrangements for testing shall be made with the Judge's staff prior to the date of the final pretrial. **See MRE 403 "Although relevant, evidence may be excluded if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence."**

**OPENING STATEMENTS AND CLOSING ARGUMENTS:** Unless otherwise ordered by the Court, each party's opening statement will be limited to 30 minutes. If parties' interests are essentially identical, they will have a total of 30 minutes for an opening statement. Unless otherwise ordered by the Court, closing arguments for each party shall not exceed 45 minutes. Parties whose interests are essentially identical will have a total of 45 minutes. The Plaintiff may have an additional 10 minutes for any rebuttal.

IT IS SO ORDERED.

3-25-19
Date

Hon. David J. Reader (P27877)
Circuit Court Judge

---

I certify that a copy of this Scheduling Order was provided to the Plaintiff/Third Party Plaintiff on _March 25_____, 20 _19_, by ☐ Mail ☒ Personally ☐ Attorney Mailbox or ☐ Other.

Livingston County Clerk / Assignment Clerk



2015 Royal Lane, 470, Dallas TX 75229

P: 972-674-9930
www.pulse.direct
inquire@pulse.direct

## Invoice

| | |
|---|---|
| Date : | September 17, 2018 |
| No. : | 1KJ17098 |

**Customer Info :**
P4C Global
Steve Wood
9655 Irondale Ave
Chatsworth, CA 91311
P: 571-236-1282
stevew@p4cglobal.com

**Ship to:**
P4C Global
Steve Wood
9655 Irondale Ave
Chatsworth, CA 91311
P: 571-236-1282
stevew@p4cglobal.com

| # | Description | Quantity | Unit Price | Total (US) |
|---|---|---|---|---|
| | NIL | | Kash | |
| 1 | Apple OEM MD810, MD818 Pair | 12380 | $8.25 | $ 102,135.00 |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |

**Total QTY :** 12,380

| | P/U | Wire Trasfer | O/S | Subtotal | 102,135.00 |
|---|---|---|---|---|---|

**Special Instructions:**

Buyer Accpets Terms and Conditions of
Sales Per Customer Agreement
For RMA Policy Please Visit
www.pulse.direct/rma

| | |
|---|---|
| Shipment Charges | $ |
| Tax | $ |
| Total | $ 102,135.00 |
| Credit/ Payments | |
| Balance Due | $ 102,135.00 |

_____
Approved By



2015 Royal Lane, 470, Dallas TX 75229

P: 972-674-9930
www.pulse.direct
inquire@pulse.direct

## Invoice

Date : September 24, 2018
No. : 1KJ24098

**Customer Info :**
P4C Global
Steve Wood
9655 Irondale Ave
Chatsworth, CA 91311
P: 571-236-1282
stevew@p4cglobal.com

**Ship to:**
P4C Global
Steve Wood
9655 Irondale Ave
Chatsworth, CA 91311
P: 571-236-1282
stevew@p4cglobal.com

**Bank Account Info:**
Name: BB&T
Address: 1081 W. Main Street, Lewisville TX 75067
Swift Code: BRBTUS33
Routing #: 111017694
Account #: 1440000660551

**Beneficiary Information**
Beneficiary Name: Pulse Supply Chain Solutions, Inc
Beneficiary Add: 2015 Royal Lane, #470
Dallas, TX 75229
Beneficiary Ph: 972-674-9930

| Warranty | P.O # | Sales Person | | |
|---|---|---|---|---|
| NIL | | Kash | | |

| Item | Descriptions | Quantity | Unit Price (US$) | Total (US$) |
|---|---|---|---|---|
| 1 | Samsung OEM batteries S6 and up | 23432 | $1.10 | $ 25,775.20 |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |

| Total QTY : | | 23,432 | | |
|---|---|---|---|---|
| Shipment Instructions | Payment Terms | Resale | Subtotal | $ 25,775.20 |
| P/U | Wire Trasnfer | O/S | | |

Special Instructions:

Shipment Charges | $ -

Tax | $ -

Buyer Accpets Terms and Conditions of
Sales Per Customer Agreement
For RMA Policy Please Visit
www.pulse.direct/rma

Total | $ 25,775.20

Credit/ Payments
Balance Due | $ 25,775.20

Approved By

# EXHIBIT B

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

BATTERY SOLUTIONS, LLC and
P4C GLOBAL, LLC,

          Plaintiffs,

    v.

PULSE SUPPLY CHAIN SOLUTIONS,
INC., ANWER JADHAVJI, and ASIF
JADHAVJI,

          Defendants.

No. 19-30259-CB
Hon. David Reader

---

Ian S. Bolton (P68872)
**Ian Bolton Law, PLLC**
*Attorney for Plaintiffs*
24361 Greenfield Rd., Suite 201
Southfield, MI 48075
248-595-0001
ianboltonlaw@gmail.com

H. William Burdett, Jr. (P63185)
Michelle D. Champane (P80917)
**Howard & Howard Attorneys**
*Attorneys for Defendants*
450 West Fourth St.
Royal Oak, MI 48067
248-723-0467
bb2@h2law.com | mdc@h2law.com

---

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

To: The Clerk of the Circuit Court for the County of Livingston

    YOU ARE HEREBY NOTIFIED that on the 1st day of May, 2019, Defendants Pulse Supply Chain Solutions, Inc., Anwer Jadhavji, and Asif Jadhavji removed this action to the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1441 and 1446. This notice is filed with you pursuant to 28 U.S.C. § 1446(d).

A copy of the Notice of Removal (without exhibits) is attached hereto as **Exhibit 1**.

Dated:  May 1, 2019                    Respectfully Submitted,

H. William Burdett, Jr. (P63185)
Michelle D. Champane (P80917)
HOWARD & HOWARD ATTORNEYS PLLC
Counsel for Defendants
450 West Fourth Street
Royal Oak, Michigan 48067
(248) 723-0467
Bb2@h2law.com | Mdc@h2law.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 1, 2019, she caused to be served a copy of

this Notice of Removal and this Certificate of Service, via U.S. mail and e-mail upon:

Ian S. Bolton (P68872)
**Ian Bolton Law, PLLC**
*Attorney for Plaintiffs*
24361 Greenfield Rd., Suite 201
Southfield, MI 48075
248-595-0001
<u>ianboltonlaw@gmail.com</u>

The foregoing documents were also filed with the Livingston County Circuit Court via

facsimile on May 1, 2019.

Michelle D. Champane (P80917)
4849-6270-6069, v. 1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BATTERY SOLUTIONS, LLC and
P4C GLOBAL, LLC,

        Plaintiffs,

v.

PULSE SUPPLY CHAIN SOLUTIONS,
INC., ANWER JADHAVJI, and ASIF
JADHAVJI,

        Defendants.

No.
Hon.

_____/

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendants Pulse Supply Chain Solutions, Inc., Anwer Jadhavji, and Asif Jadhavji ("Defendants") hereby remove this action, with full reservation of all rights, remedies, claims, and defenses, to the United States District Court for the Eastern District of Michigan.  In support of this Notice of Removal, Defendants state as follows:

1.      On March 20, 2019, Plaintiffs Battery Solutions, LLC and P4C Global, LLC ("Plaintiffs") commenced this action against Defendants in the Circuit Court for the County of Livingston, Case No. 19-30259-CB, styled *Battery Solutions, LLC, et. al. v. Pulse Supply Chain Solutions, Inc., et. al.* (the "State Court Action"), by filing a Complaint.  **Exhibit A**, Plaintiffs' State Court Action filings.

2.     Defendants first received notice of the State Court Action on April 10, 2019, when they were served with the Summons and Complaint.

3.     This case is properly removed to this Court pursuant to 28 U.S.C. § 1441. This removal is timely, the procedural requirements for removal are satisfied.

4.     Defendants are entitled to move the State Court Action to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because complete diversity of citizenship exists between Plaintiffs and Defendants, and the amount in controversy is alleged to exceed $75,000.00, exclusive of costs and interest.

5.     Plaintiffs allege that the amount in controversy in this case exceeds $134,386.14, exclusive of costs and interest.  **Ex. A, ¶ 29.**

6.     Defendant Pulse Supply Chain Solutions, Inc., a Texas corporation, maintains a principal place of business in the State of Texas.

7.     Defendant Anwer Jadhavji, an individual, is a resident of the State of Texas.

8.     Defendant Asif Jadhavji, an individual, is a resident of the State of Texas.

9.     Plaintiff Battery Solutions, LLC, a Delaware limited liability company, maintains a corporate office in Oakland County, Michigan.  **Ex. A, ¶ 6.**

10.     Plaintiff P4C Global, LLC, a Delaware limited liability company, maintains its corporate offices in the State of California.  **Ex. A, ¶ 7.**

2

11.     Pursuant to 28 U.S.C. §§ 1446(a), Defendants give Notice of Removal of this case to the United States District Court for the Eastern District of Michigan.

12.     This Notice has been filed within 30 days after receipt by Defendants of a copy of Plaintiffs' initial pleading and is timely pursuant to 28 U.S.C. § 1446(b)(1).

13.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached hereto and incorporated herein. *See* **Ex. A.**

14.     Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice to Plaintiffs and the Clerk of the Circuit Court for the County of Livingston. A true and accurate copy of the Notice to the Clerk is attached hereto and incorporated herein as **Exhibit B**.

15.     Defendants are removing this case with the sole intent of filing a motion challenging the jurisdiction of this Court, as well as the venue of this action. Defendants' appearance through counsel and removal of this action should not be deemed a waiver of their valid objection to this lawsuit proceeding in Michigan.

3

WHEREFORE, for the reasons fully set forth herein, the case now pending in the Livingston County Circuit Court, Case No. 19-30259-CB, is hereby removed to the United States District Court for the Eastern District of Michigan.

Dated: May 1, 2019                    Respectfully Submitted,

                                      /s/  *Michelle D. Champane*
                                          H. William Burdett, Jr. (P63185)
                                          Michelle D. Champane (P80917)
                                      HOWARD & HOWARD ATTORNEYS PLLC
                                      Counsel for Defendants
                                      450 West Fourth Street
                                      Royal Oak, Michigan 48067
                                      (248) 723-0467
                                      Bb2@h2law.com | Mdc@h2law.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 1, 2019, she caused to be served a copy of this Notice of Removal and this Certificate of Service, via U.S. mail and e-mail upon:

Ian S. Bolton (P68872)
**Ian Bolton Law, PLLC**
*Attorney for Plaintiffs*
24361 Greenfield Rd., Suite 201
Southfield, MI 48075
248-595-0001
ianboltonlaw@gmail.com


/s/   *Michelle D. Champane*
Michelle D. Champane (P80917)
4852-4175-7845, v. 2