UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BATTERY SOLUTIONS, LLC and
P4C GLOBAL, LLC,

      Plaintiffs,

v.

                                          No. 2:19-cv-11271-MOB-DRG
                                          Hon. Marianne O. Battani

PULSE SUPPLY CHAIN SOLUTIONS,
INC., ANWER JADHAVJI, and ASIF
JADHAVJI,

      Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'**
**COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendants, Pulse Supply Chain Solutions, Inc., a Texas corporation; Anwer Jadhavji, a Texas resident; and Asif Jadhavji, a Texas resident (collectively, "Defendants"), by their undersigned counsel, respectfully move the Court to dismiss Plaintiffs Battery Solutions, LLC and P4C Global, LLC's (collectively, "Plaintiffs") Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court lacks personal jurisdiction over Defendants, as they have not consented to jurisdiction, are not domiciled in Michigan, and lack minimum contacts in Michigan. To permit Defendants to be haled into a Michigan court would offend traditional notions of fair play and substantial justice and violate the Due Process Clause of the United States Constitution. For these reasons, which are further explained in the attached Brief in Support, the Court should dismiss Plaintiffs' claims against Defendants for lack of personal jurisdiction.

Pursuant to Eastern District of Michigan Local Rule 7.1, there was a conference between attorneys in which the undersigned explained the nature of the motion and its legal basis but did not obtain concurrence in the relief sought.

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

Whether the Court should dismiss the Complaint against Defendants Pulse Supply Chain Solutions, Inc., a Texas corporation; Anwer Jadhavji, a Texas resident; and Asif Jadhavji, a Texas resident, for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), because none of the Defendants have consented to jurisdiction in Michigan, are domiciled in Michigan, or have minimum contacts in Michigan, such that the exercise of personal jurisdiction over the Defendants in Michigan would offend traditional notions of fair play and substantial justice and violate the Due Process Clause of the United States Constitution.

## <u>CONTROLLING AUTHORITY</u>

Fed. R. Civ. P. 12(b)(2)

*Beydoun v. Wataniya Rests. Holding, Q.S.C.*,
　　768 F.3d 499 (6th Cir. 2014)

*Brady v. Burtt*,
　　979 F. Supp. 524 (W.D. Mich. 1997)

*Eggleston v. Daniels*,
　　No. 15-11893, 2016 WL 4363013 (E.D. Mich. Aug. 16, 2016)

*Flagstar Bank, FSB v. Centerpointe Fin., Inc.*,
　　10-14234, 2011 WL 2111984 (E.D. Mich. May 26, 2011)

*Interna Corp. v. Henderson*,
　　428 F.3d 605 (6th Cir. 2005)

*Neogen Corp. v. Neo Gen Screening, Inc.*,
　　282 F.3d 883 (6th Cir. 2002)

*Others First, Inc. v. Better Business Bureau of Eastern Missouri and Southern Illinois,*
　　No. 14-CV-12066, 2014 WL 6455662 (E.D. Mich. Nov. 17, 2014)

*SFS Check, LLC v. First Bank of Del.*,
　　990 F. Supp. 2d 762 (E.D. Mich. 2013)

*Southern Mach. Co. v. Mohasco Indus., Inc.*,
　　401 F.2d 374 (6th Cir. 1968)

# **TABLE OF CONTENTS**

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ........................................ i

STATEMENT OF THE ISSUES PRESENTED ..................................................... iii

CONTROLLING AUTHORITY ............................................................................. iv

TABLE OF CONTENTS ......................................................................................... v

TABLE OF AUTHORITIES ................................................................................... vi

BRIEF IN SUPPORT ............................................................................................. 1

I.    INTRODUCTION ......................................................................................... 1

II.   BACKGROUND ........................................................................................... 2

III.  LEGAL STANDARD ................................................................................... 4

IV.   ARGUMENT ................................................................................................. 4

   A.    The Court Lacks General Jurisdiction Over Defendants ............................ 5

   B.    The Court Lacks Specific Jurisdiction Over Defendants ........................... 5

      1.    Defendants have not purposefully availed themselves of the privilege of acting in Michigan ............................................................................... 7

      2.    Plaintiffs' alleged claims do not arise out of Defendants' Michigan contacts ..................................................................................................... 13

      3.    The exercise of jurisdiction over Defendants in Michigan would be unreasonable ............................................................................................ 15

V.    CONCLUSION ............................................................................................. 18

# TABLE OF AUTHORITIES

**Cases**

*Beydoun v. Wataniya Rests. Holding, Q.S.C.*,
    768 F.3d 499 (6th Cir. 2014) .................................................................. 13, 15

*Brady v. Burtt*,
    979 F. Supp. 524 (W.D. Mich. 1997) ........................................................... 12

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) .................................................................................. 6, 7, 13

*Children's Legal Services, PLLC v. Shor Levin and Derita, PC*,
    850 F. Supp. 2d 673 (E.D. Mich. 2012) ......................................................... 3

*Chrysler Corp. v. Fedders Corp.*,
    643 F.2d 1229, 1236 (6th Cir. 1981) .............................................................. 5

*CompuServe, Inc. v. Patterson*,
    89 F.3d 1257 (6th Cir. 1996) ...................................................................... 7, 8

*Daimler AG v. Shauanghuan Auto. Co., Ltd.*,
    No. 2:11-cv-13588, 2013 WL 2250213 (E.D. Mich. May 22, 2013) ............... 16

*Denham v. Sampson Invests.*,
    997 F. Supp. 840 (E.D. Mich. 1998) ............................................................ 16

*Eggleston v. Daniels*,
    No. 15-11893, 2016 WL 4363013 (E.D. Mich. Aug. 16, 2016) ....................... 7

*Flagstar Bank, FSB v. Centerpointe Fin., Inc.*,
    10-14234, 2011 WL 2111984 (E.D. Mich. May 26, 2011) ............................ 11

*Goodyear Dunlop Tires Operations*, *S.A. v. Brown*,
    564 U.S. 915 (2011) ..................................................................................... 5

*Indah v. U.S. S.E.C.*,
    661 F.3d 914 (6th Cir. 2011) ......................................................................... 4

*Innovation Ventures, LLC v. Custom Nutrition Labs, LLC*,
    946 F. Supp. 2d 714, 720 (E.D. Mich. 2013) .................................................. 7

*Innovation Ventures, LLC v. N2G Distributing, Inc.*,
    635 F. Supp. 2d 632 (E.D. Mich. 2008) ....................................................... 11

*Interna Corp. v. Henderson*,
    428 F.3d 605 (6th Cir. 2005) ................................................................ 7, 15, 16

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .................................................................................... 6

*McNutt v. General Motors Acceptance Corp.*,
    298 U.S. 178, 56 S.Ct. 780 (1936) ........................................................... 11

*MLS Nat'l Medical Evaluation Servs., Inc. v. Templin*,
    812 F. Supp. 2d 788 (E.D. Mich. 2011) ............................................. 15, 16

*Neogen Corp. v. Neo Gen Screening, Inc.*,
    282 F.3d 883 (6th Cir. 2002) ................................................................. 4, 6

*Others First, Inc. v. Better Business Bureau of Eastern Missouri and Southern Illinois*,
    No. 14-CV-12066, 2014 WL 6455662 (E.D. Mich. Nov. 17, 2014) ...... 13, 14

*Serras v. First Tenn. Bank Nat'l Ass'n*,
    875 F.2d 1212 (6th Cir. 1989) ................................................................... 4

*SFS Check, LLC v. First Bank of Del.*,
    990 F. Supp. 2d 762 (E.D. Mich. 2013) ........................................... *passim*

*Sheikh v. York*,
    No. 11-cv-15533, 2012 WL 1004853 (E.D. Mich. March 26, 2012) ......... 10

*See, Inc. v. Imago Eyewear Pty, Ltd.*,
    167 F. App'x 518, 523 ............................................................................. 13

*Smith v. Amada Mach. Tools Am. Inc.*,
    No. 16-12178, 2017 WL 4339328 (E.D. Mich. June 12, 2017) ............... 10

*Southern Mach. Co. v. Mohasco Indus., Inc.*,
    401 F.2d 374 (6th Cir. 1968) ........................................................... *passim*

*Swartz v. KPMG, LLP*,
    476 F.3d 756 (9th Cir. 2007) ................................................................... 11

*Viches v. MLT, Inc.*,
    127 F. Supp. 2d 828 (E.D. Mich. 2000) .................................................... 6

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ............................................................................... 6

*Weller v. Cromwell Oil Co.*,
    504 F.2d 927 (6th Cir. 1974) ................................................................... 12

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .................................................................................... 7

*Youn v. Track, Inc.*,
 324 F.3d 409 (6th Cir. 2003) ........................................................................... 15

**Statutes**

Fed. R. Civ. P. 12(b)(2) ..................................................................................... *passim*

Mich. Comp. Laws § 600.701 .............................................................................. 5

Mich. Comp. Laws § 600.705 .............................................................................. 6

Mich. Comp. Laws § 600.715 .............................................................................. 6

**BRIEF IN SUPPORT**

## I.      INTRODUCTION

The Court lacks personal jurisdiction over Defendants Pulse Supply Chain Solutions, Inc. ("Pulse"), Anwer Jadhavji ("Anwer"), and Asif Jadhavji ("Asif") (collectively, "Defendants").  Pulse is a Texas corporation, and Anwer and Asif are Texas residents.  None of the Defendants have consented to service of process in Michigan and were not domiciled in Michigan when served with process in this case. Therefore, the Court lacks general jurisdiction over Defendants.

The Court also lacks specific jurisdiction over Defendants.  Anwer and Asif, in their capacities as employees or agents of Pulse, have never contracted with a Michigan business or resident and lack sufficient contacts with the forum.  Similarly, Pulse, a Texas corporation, does not conduct business in Michigan and lacks sufficient contacts in Michigan.  The exercise of jurisdiction over Defendants in Michigan would offend traditional notions of fair play and substantial justice and violate the Due Process Clause of the United States Constitution.

Accordingly, for the reasons explained in more detail below, the Court should grant Defendants' motion and dismiss this action against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

1

## II.    BACKGROUND

Battery Solutions, LLC ("Battery Solutions") and P4C Global, LLC ("P4C") (collectively, "Plaintiffs") filed this action against Defendants in Livingston County Circuit Court.[1]  (ECF No. 1, PageID 7-18, Compl.).  Plaintiffs' Complaint states that P4C is a Delaware limited liability company with a principle place of business in California, Battery Solutions is a Delaware limited liability company doing business in Michigan.  *Id.* at PageID 8, ¶¶ 7-8.  Pulse is a Texas corporation with a principle place of business in Dallas, Texas, and Anwer and Asif are Texas residents.  *Id.* at PageID 8-9, ¶¶ 9-11.  *See also* **Ex. A –** Asif Decl. at ¶¶ 3, 7-8; **Ex. B –** Anwer Decl. at ¶ 3.   Given the complete diversity of citizenship between Plaintiffs and Defendants, Defendants filed a notice of removal from Livingston County Circuit Court to this Court on May 1, 2019.  (ECF No. 1, Notice of Removal.)

Plaintiffs' Complaint alleges breach of contract, unjust enrichment, promissory estoppel, and fraud against Defendants.  In short, Plaintiffs allege that Defendants breached a contract of sale and committed fraud when they made

---

[1] It should be noted that Plaintiffs' Complaint does not allege any connection to Livingston County whatsoever.  The only Michigan "connection" Plaintiffs allege is that Defendants "[do] business in Oakland County," including contracting with Plaintiff Battery Supply, LLC, which apparently has corporate offices located in Oakland County.  *See* ECF No. 1, PageID 8-9, ¶¶ 6-10.  As explained in significant detail throughout this Brief, Defendants have never knowingly conducted any business with Battery Supply, nor do they conduct business in Oakland County, Michigan.

representations to P4C that they were selling authentic Apple products. (ECF No. 1, PageID 7-18.) Plaintiffs allege that, as "representatives" of Pulse, Asif and Anwer made representations to P4C, which Plaintiffs believe to be false. *Id.* at PageID 9, ¶ 16. Asif is the Chief Executive Officer ("CEO") of Pulse. (Asif Decl. at ¶ 4.) Anwer is an employee of Pulse. (Anwer Decl. at ¶ 4.)

The contracts in question were entered on September 17, 2018 and September 24, 2018, respectively, between Pulse and P4C (the "Contracts"). (ECF No. 1, PageID 17-18.) *See also* Asif Decl. at ¶ 13. Pursuant to the Contracts, P4C (a Delaware limited liability company based in California) agreed to purchase from Pulse (a corporation based in Dallas, Texas) certain Apple and Samsung batteries. (ECF No. 1, PageID 17-18.) The Contracts specifically indicate that P4C would send payment to Pulse in Dallas, Texas, and that Pulse, in turn, would send products to P4C in California. *Id. See also* Asif Decl. at ¶ 17 ("All products sold by Pulse to P4C were shipped from Pulse's Texas facility to P4C in California.") Battery Solutions (a Delaware limited liability company doing business in Michigan) is not a party to the Contracts (ECF No. 1, PageID 17-18), and Defendants have never knowingly contacted or done business with Battery Solutions. (Asif Decl. at ¶¶ 14-16, 19-21; Anwer Decl. at ¶¶ 7-11.)

### III.    LEGAL STANDARD

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff has the burden of proving the court's jurisdiction over the defendant.  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).  S*ee also Children's Legal Services, PLLC v. Shor Levin and Derita, PC*, 850 F. Supp. 2d 673, 679 (E.D. Mich. 2012).  In ruling upon a motion to dismiss for lack of personal jurisdiction, the district court has three procedural alternatives: "[it] may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion."  *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

If a motion for dismissal is properly supported, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."  *SFS Check, LLC v. First Bank of Del.*, 990 F. Supp. 2d 762, 769 (E.D. Mich. 2013) (citation omitted).  Dismissal is appropriate if the plaintiff fails to state a *prima facie* case for jurisdiction.  *Id.*

### IV.    ARGUMENT

Personal jurisdiction can exist in two forms: specific jurisdiction and general jurisdiction.  *Indah v. U.S. S.E.C.*, 661 F.3d 914, 920 (6th Cir. 2011).  In this case, the Court lacks both general and specific jurisdiction over Defendants.  Accordingly,

the Court should dismiss Plaintiffs' Complaint against Defendants for lack of personal jurisdiction.

## A. The Court Lacks General Jurisdiction Over Defendants

"General jurisdiction exists independently from the facts of the action and may be found where the defendant is present in the state at the time process is served, consents to the state's jurisdiction, or is domiciled in the state." *SFS Check, LLC*, 990 F. Supp. 2d at 770—71 (citing Mich. Comp. Laws § 600.701).

None of these factors exist in this case. None of the Defendants were present in Michigan at the time process was served. *See* Asif Decl.; Anwer Decl. Rather, all Defendants are located and/or reside in Texas, where they were served with process in this case. *Id.* In addition, none of the Defendants have consented to jurisdiction in Michigan. *Id.* Accordingly, the Court lacks general personal jurisdiction over Defendants in this case.

## B. The Court Lacks Specific Jurisdiction Over Defendants

Different than general "all-purpose" jurisdiction, specific personal jurisdiction "is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 920 (2011) (citation omitted). This Court recently discussed the requisite showing necessary for a court to exercise specific jurisdiction over a defendant:

5

A federal court's exercise of jurisdiction over litigants must be both "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002).  For Michigan, the courts have determined that Michigan's long-arm statute gives the "maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981). Due process is satisfied if a defendant has "sufficient minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

Personal jurisdiction issues in Michigan courts are governed by the state's long-arm statute, Mich. Comp. Laws §§ 600.715 (corporations) and 600.705 (individuals). Further, Michigan courts and courts within this Circuit have consistently held that Michigan's long-arm statute extends as far as the Fourteenth Amendment's Due Process Clause allows. *See Neogen Corp.*, 282 F.3d at 888; *see also Viches v. MLT, Inc.*, 127 F. Supp. 2d 828, 830 (E.D. Mich. 2000)). Accordingly, if jurisdiction . . . is proper under the Fourteenth Amendment, it is also proper under Michigan's long-arm statute.

Due process is satisfied if the defendants have "sufficient minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). In order to find limited personal jurisdiction, a plaintiff needs to demonstrate three key factors: (1) the defendant must "purposefully avail himself of the privilege of acting in the forum state;" (2) "the cause of action must arise from the defendant's activities there;" and (3) "the acts of the defendant...must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d

374, 381 (6th Cir. 1968). All three factors must be present to allow for a finding of limited personal jurisdiction.

*Eggleston v. Daniels*, No. 15-11893, 2016 WL 4363013, at *11 (E.D. Mich. Aug. 16, 2016). Here, Plaintiffs cannot establish any of the necessary factors.

### 1.  <u>Defendants have not purposefully availed themselves of the privilege of acting in Michigan</u>

*First*, Defendants have not purposefully availed themselves of the privilege of acting in Michigan. Purposeful availment is "'the *sine qua non* for *in personam* jurisdiction.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (citation omitted); *Interna Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005) ("This Court views the purposeful availment prong of the *Southern Machine* test as 'essential' to a finding of personal jurisdiction.") (citation omitted). As this Court has explained, "[p]urposeful availment, the constitutional touchstone of personal jurisdiction, is present where the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum State." *Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, 946 F. Supp. 2d 714, 720 (E.D. Mich. 2013) (citation and internal quotation marks omitted). In other words, "[t]he defendant's conduct must be such that he should reasonably anticipate being haled into court." *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). "Random," "fortuitous," or "attenuated" contacts are not enough to "cause a defendant to be haled into a

jurisdiction." *CompuServe, Inc.*, 89 F.3d at 1263 (citing *Burger King Corp.*, 471 U.S. at 475).

The crux of Plaintiffs' jurisdictional argument is that Defendants contracted with P4C (a Delaware limited liability company doing business in California), and since P4C is an affiliate of Battery Solutions (a Delaware limited liability company doing business in Michigan), jurisdiction in Michigan is proper. ECF No. 1, Page ID 8-9 at ¶ 6-11. However, none of the Defendants have ever knowingly done business or interacted with Battery Solutions. Asif Decl. at ¶¶ 14-15; Anwer Decl. at ¶¶ 9-10.

Plaintiffs also allege upon information and belief that Defendants "[do] business in Oakland County, including, but not limited to, entering into the subject contract" and "engaging in business with Battery Solutions." ECF No. 1, Page ID 8-9 at ¶¶ 8-10. But Pulse is a Texas corporation with its principal place of business in Dallas, Texas. Asif Decl. at ¶ 7. Pulse's sole office is located in Dallas, Texas. *Id.* at ¶ 8. Pulse does not have employees in Michigan, nor does it have any office, manufacturing facility, rental property, or any other physical presence of any kind in Michigan. *Id.* at ¶¶ 9, 11. Pulse conducts no business in Michigan, has no customers in Michigan, generates no revenue from Michigan, and has never shipped any product to a Michigan address or location. *Id.* at ¶¶ 10-12, 18. Pulse has never intended to pursue business in Michigan or with a Michigan-based company, nor has

8

it knowingly pursued business with Michigan-based companies. *Id.* at ¶ 19. Similarly, and Asif and Anwer are individuals residing in Texas. *Id.* at ¶ 3; Anwer Decl. at ¶ 3. Asif and Anwer have never personally done business in Oakland County, Michigan, nor have they knowingly engaged with Michigan-based companies. Asif Decl. at ¶ 16; Anwer Decl. ¶ 10. Contrary to Plaintiff's allegations, neither Asif nor Anwer, as "representatives" of Pulse, have knowingly entered into any agreement with any Michigan resident or company. Asif Decl. at ¶¶ 15-16; Anwer Decl. ¶¶ 10-11. Plaintiffs cannot come forward with any evidence showing otherwise. *SFS Check, LLC*, 990 F. Supp. 2d at 769 (explaining that, in the face of a properly supported motion for dismissal for lack of personal jurisdiction, the opposing party cannot simply rest on its pleadings).

Plaintiffs further allege that the Court has personal jurisdiction over Defendants because they allegedly made "explicit and implicit representations that the items P4C ordered were authentic Apple products." ECF No. 1, Page ID 9 at ¶¶ 16, 42. As explained, the "representations" made by Defendants were made to P4C, not Battery Solutions, and Defendants always believed that they were communicating and contracting with P4C at its headquarters in California. Asif Decl. at ¶¶ 13-16; Anwer Decl. at ¶¶ 9-10. Again, none of the Defendants intentionally or knowingly contracted with Battery Solutions, much less any other company located in Michigan. *Id.*

9

None of the allegations in Plaintiffs' Complaint state anything about Defendants' contacts with the forum state. ECF No. 1, Page ID 7-15. In fact, Plaintiffs *admit* that Battery Solutions (Plaintiffs' only alleged "connection" to Michigan) was not a party to the subject Contracts, and further admit that Defendants' alleged representations were made to P4C, not Battery Solutions. *Id.* at PageID 9, ¶¶ 15-18. Simply, Plaintiffs do not make any allegations regarding Defendants doing business or contracting with Battery Solutions or making any representations to Battery Solutions. *Id.* In fact, Plaintiffs do not make any allegations regarding Defendants doing business with or making representations to *any* Michigan corporation. Again, Plaintiffs will be unable to come forward with any evidence showing otherwise. "The relevant law requires [Plaintiffs] to allege specific facts" as opposed to "a conclusory statement alone" constituting a *prima facie* showing that jurisdiction is appropriate. *Sheikh v. York*, No. 11-cv-15533, 2012 WL 1004853, at *2 (E.D. Mich. March 26, 2012).

Plaintiffs' Complaint is devoid of facts to suggest that Defendants purposefully availed themselves of the benefits of conducting business in Michigan; and the Anwer and Asif Declarations supporting this Motion demonstrate that none of the Defendants are subject to jurisdiction here. Defendants have submitted declarations that controvert the scant jurisdictional allegations contained in Plaintiffs' Complaint, and Plaintiffs' conclusory jurisdictional allegations must yield

to the sworn statements in the declarations providing specific facts to the contrary. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 (1936). Indeed, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Smith v. Amada Mach. Tools Am. Inc*., No. 16-12178, 2017 WL 4339328, at *4 (E.D. Mich. June 12, 2017) (quoting *Swartz v. KPMG, LLP*, 476 F.3d 756, 766 (9th Cir. 2007)). Accordingly, this action should be dismissed.

Case law also confirms that incidental contacts with the forum state undertaken by an officer of a corporation, acting on behalf of the corporation, do not rise to the level of "purposeful availment." *Flagstar Bank, FSB v. Centerpointe Fin., Inc.*, 10-14234, 2011 WL 2111984, at *3 (E.D. Mich. May 26, 2011). S*ee also Innovation Ventures, LLC v. N2G Distributing, Inc.*, 635 F. Supp. 2d 632, 634—35 (E.D. Mich. 2008). *See also SFS Check, LLC*, 990 F. Supp. 2d at 767. This is because "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Flagstar Bank, FSB,* 2011 WL 2111984, at *3 (E.D. Mich. May 26, 2011) (citation and quotation marks omitted).

Plaintiffs claim that Asif and Anwer, as "representatives" of Pulse, made statements, promises, and representations to P4C, which Plaintiff believes to be

false. *See* ECF No. 1, PageID 8, ¶ 16; PageID 12 ¶¶ 38, 42. Plaintiffs admit (and Defendants confirm) that any alleged statements, promises, or representations Plaintiffs allege in their Complaint were made by Asif and/or Anwer in their capacities as "representatives" of Pulse. *Id.* at ¶ 16. *See also* Asif Decl. at ¶¶ 14-15; Anwer Decl. at ¶¶ 9-10. Plaintiffs do not allege, and Asif and Anwer unequivocally deny, that they knowingly contacted or had communications with Battery Solutions. *Id. See also* ECF No. 1. However, even if Plaintiffs alleged that Asif and Anwer had contact with any Michigan company (and they have not), Asif and Anwer could not have foreseen being haled into a Michigan court as a result of contacts they had in their capacities as Pulse representatives. Asif and Anwer's attenuated contacts with P4C, in their capacities as Pulse representatives, were not directed to Michigan and do not subject them to this Court's jurisdiction. *Brady v. Burtt*, 979 F. Supp. 524, 529 (W.D. Mich. 1997) ("In general, the activities of an officer on behalf of a corporation do not confer jurisdiction over the officer individually.") (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 931 (6th Cir. 1974)).

## 2. **Plaintiffs' alleged claims do not arise out of Defendants' Michigan contacts[2]**

*Second*, even if Defendants purposely availed themselves to the privileges of acting in Michigan (and they have not), Plaintiffs' causes of action do not "arise from" Defendants' Michigan contacts.  "To satisfy the 'arising from' prong of the *Southern Machine* test, the plaintiff must demonstrate a causal nexus between the defendant's contacts with the forum state and the plaintiff's alleged cause of action." *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 506—07 (6th Cir. 2014) (citing *Burger King Corp.*, 471 U.S. at 474).  This inquiry is similar to the purposeful availment inquiry.  *Id.* at 507.  To satisfy the "arising from" prong, Plaintiffs must establish more than "but-for" causation; "the plaintiff's cause of action must be proximately caused by the defendant's contacts with the forum state."  *Id.* at 507—08.

In *Others First, Inc. v. Better Business Bureau of Eastern Missouri and Southern Illinois*, the plaintiff sued the defendant corporation alleging tortuous interference and defamation arising out of the alleged publication of a defamatory article about plaintiff on defendant's website.  No. 14-CV-12066, 2014 WL 6455662

---

[2] It is not necessary for the Court to consider the remaining two elements of the *Southern Machine* test because Plaintiffs have not met their burden in showing that Defendants purposefully availed themselves to the benefits of acting in the state of Michigan.  *See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 F. App'x 518, 523 (6th Cir. 2006).  However, Defendants discuss the remaining elements in this Brief, as the remaining elements also support dismissal for lack of personal jurisdiction.

(E.D. Mich. Nov. 17, 2014).  The plaintiff alleged that, prior to the publication of the article, defendant's employees contacted Michigan residents to obtain information about the plaintiff.  *Id.* at *2.  The district court explained that the plaintiff's alleged causes of action were not proximately caused by the defendant's contacts with the forum state:

> Here, Others First has failed to show that the operative facts of the controversy are related to the BBB's contact with Michigan or that any of the causes of action have a substantial connection to Others First's activities in Michigan.  Indeed, the phone calls and e-mails to Michigan residents prior to the posting of the press release constitute the only contact the BBB had with the state.  Others First's alleged causes of action do not arise from these contacts, but from the subsequent posting of the press release.  The alleged causes of action do not arise out of any contact the BBB had with the state of Michigan, and, therefore, do not "arise from" the BBB's contact with the state of Michigan.

*Id.* at *9.

Like *Others First*, Plaintiffs' alleged claims do not "arise from" Defendants' contact with Michigan (if any).  As explained above, Plaintiffs' claims are premised upon the allegation that Defendants breached a contract (that was entered into between Pulse in Texas and P4C in California), and that Defendants wrongfully told P4C that they were selling authentic Apple products.   But none of the Defendants' alleged contacts described in Plaintiffs' Complaint occurred in Michigan, nor were directed at any Michigan company or individual.  Asif Decl. at ¶¶ 13-21; Anwer Decl. at ¶¶ 8-11.  Defendants believed that they were, at all times relevant hereto, communicating with P4C in California.  *Id.*  As such, Plaintiffs' alleged Complaint,

like the plaintiff's claims in *Others First*, does not "arise from" any contacts in Michigan. Therefore, the exercise of jurisdiction over Defendants in Michigan would violate the Due Process Clause.

### 3. The exercise of jurisdiction over Defendants in Michigan would be unreasonable

*Finally*, even if Plaintiffs could meet their burden on the first two elements to establish personal jurisdiction (and they cannot), the Court's exercise of personal jurisdiction over Defendants is unreasonable. "The third prong of the *Southern Machine* test mandates that 'the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.'" *Interna Corp.*, 428 F.3d at 618 (citing *Youn v. Track, Inc.*, 324 F.3d 409, 419 (6th Cir. 2003)). Courts consider three factors in determining whether the exercise of jurisdiction is reasonable: (1) the burden on the defendant; (2) the forum state's interest; and (3) the plaintiff's interest in obtaining relief. *Beydoun*, 768 F.3d at (citation omitted).

As described above, Defendants contracted and communicated with P4C (a Delaware limited liability company doing business in California), not Battery Solutions (Plaintiffs' only alleged connection to Michigan). Asif Decl. at ¶¶ 14-15; Anwer Decl. at ¶ 9-10. None of the Defendants have ever knowingly done business or interacted with Battery Solutions, and Defendants would be burdened by having to travel to Michigan to participate in this case. *Id.* Although courts have deemed

specific jurisdiction to be proper when a defendant would be compelled to travel, courts recognize the burden to the defendant in having to travel to the forum state when assessing the reasonableness of personal jurisdiction over the defendant. *Interna Corp.,* 428 F.3d at 618; *MLS Nat'l Medical Evaluation Servs., Inc. v. Templin*, 812 F. Supp. 2d 788, 804 (E.D. Mich. 2011) ("Dr. Templin would be burdened by this exercise of jurisdiction, as he would be required to bear the expense and inconvenience of traveling to Michigan and paying local counsel").

Moreover, there is no identifiable interest specific to this forum sufficient to permit Plaintiffs' claims against Defendants to move forward in this Court. Although Michigan has an interest in vindicating the rights of a Michigan corporation, this interest is offset by Texas's interest in safeguarding Defendants' rights as residents of the State of Texas. *Templin*, 812 F. Supp. 2d 805 ("Michigan's interest in vindicating the rights of a Michigan business is offset by Kentucky's interest in safeguarding the rights of a Kentucky resident . . . and in ensuring that claims against a Kentucky resident are litigated in an efficient and cost-effective manner.").

Finally, Plaintiffs do not allege, and Defendants unequivocally deny, that they knowingly initiated any contact with any Michigan individual or corporation on behalf of Pulse. Asif Decl. at ¶¶ 10, 15-16, 19-21; Anwer Decl. at ¶ 9-11. It would be unreasonable to permit any of the Defendants to be haled into a Michigan court

when they did not initiate any contacts in Michigan. *Denham v. Sampson Invests.*, 997 F. Supp. 840, 845 (E.D. Mich. 1998) ("All the alleged Michigan 'contacts' were either initiated by plaintiff [or other parties].  None of the defendants are alleged to have *initiated* contact in Michigan.  As such, it would be unreasonable to find that Michigan has personal jurisdiction over the defendants in this action."); *Daimler AG v. Shauanghuan Auto. Co., Ltd.*, No. 2:11-cv-13588, 2013 WL 2250213, at *7 (E.D. Mich. May 22, 2013) (emphasis supplied) (explaining that the exercise of jurisdiction over an Iowa corporation would be unreasonable where corporation did not have any contacts in Michigan and plaintiff's cause of action did not arise out of any conduct initiated by the corporation in Michigan).

After balancing the relevant factors, it would be unreasonable to permit this action to continue against Defendants in Michigan.  This case should be dismissed for lack of jurisdiction, as the exercise of jurisdiction is not in accord with "fair play and substantial justice."

## V.    CONCLUSION

For the reasons explained above, the Court should grant Defendants Pulse Supply Chain Solutions, Inc., Anwer Jadhavji, and Asif Jadhavji's Motion to Dismiss the Complaint filed by Plaintiffs Battery Solutions, LLC and P4C Global, LLC for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Dated:  May 8, 2019                    Respectfully Submitted,

                                       /s/  *Michelle D. Champane*
                                              H. William Burdett, Jr. (P63185)
                                              Michelle D. Champane (P80917)
                                       HOWARD & HOWARD ATTORNEYS PLLC
                                       Counsel for Defendants
                                       450 West Fourth Street
                                       Royal Oak, Michigan 48067
                                       (248) 723-0467
                                       Bb2@h2law.com | Mdc@h2law.com

                                       *Counsel for Defendants*


## CERTIFICATE OF SERVICE

I, Michelle D. Champane, certify that on May 8, 2019, I electronically filed the foregoing Defendants' Motion to Dismiss Plaintiff's Complaint using the ECF system, which will send notification of that filing to counsel of record in this matter.

                                       /s/ Michelle D. Champane

4812-9405-8646, v. 1